**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                           No. CR 08-1835 JB

ORALDO NEVAREZ-ENRIQUEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Unopposed Motion for One Additional Level Reduction in Offense Level Based on the Government's New "Fast Track Plea Program," filed January 9, 2009 (Doc. 17). The Court held sentencing hearings on February 9 and March 5, 2009. The primary issue is whether the Court should grant Defendant Orlando Nevarez-Enriquez 1 additional level reduction in offense level based on the United States Attorney's new fast-track plea program. Nevarez-Enriquez appears to meet the requirements for the fast-track benefit, and he has re-pled pursuant to a fast-track plea agreement. Because the United States must be the party to move for a downward departure, however, the Court will deny the motion.

**PROCEDURAL BACKGROUND**

On August 13, 2008, Nevarez-Enriquez entered a guilty plea to the offense of reentry of a previously removed alien, in violation of 8 U.S.C. § 1326. Nevarez-Enriquez' offense level is currently 21. Under the United States Attorney's new fast-track plea, Nevarez-Enriquez qualifies for an additional level reduction in offense level so long as he waives his right to appeal. An additional offense-level reduction, pursuant to the United States' new fast-track plea program, would result in an adjusted offense level of 20.

Nevarez-Enriquez moves the Court, pursuant to the United States' new fast-track plea program, for a downward departure of 1 additional level reduction in offense level.  On February 2, 2009, Nevarez-Enriquez re-pled guilty pursuant to a fast-track plea agreement.  See Non-Standard Fast Track Plea Agreement, filed February 2, 2009 (Doc. 23).  The United States does not oppose the reduction of 1 additional level, for an adjusted offense level of 20.

At the final sentencing hearing on March 5, 2009, the Court informed the parties that it normally denies fast-track motions from defendants because the United States is the party that should move under an early disposition program.  The United States then moved for a departure.  The Court granted that motion.

## ANALYSIS

Nevarez-Enriquez has done what is necessary to comply with the conditions for a fast-track plea agreement.  He has given up his right to appeal the sentence in exchange for a 1-level reduction in his offense level.  Accordingly, the Court would be willing to grant a motion for a downward departure of one level pursuant to the United States Attorney's fast-track plea program.  The United States, however, must be the party that moves for the departure in a fast-track program under § 5K3.1 of the Sentencing Guidelines.  See United States v. Castro-Salazar, No. CR 08-1335 JB, Memorandum Opinion and Order at 3, entered October 10, 2008; U.S.S.G § 5K3.1 ("Upon motion of the Government, the court may depart downward . . . pursuant to an early disposition program . . . .").  Because Nevarez-Enriquez is bringing this motion, the Court must deny the motion.

**IT IS ORDERED** that the Defendant's Unopposed Motion for One Additional Level Reduction in Offense Level Based on the Government's New "Fast Track Plea Program" is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
   United States Attorney
Norman Cairns
Mary Catherine McCulloch
  Assistant United States Attorneys
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

     *Attorneys for the Defendant*