**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                             No. CR 08-1835 JB

ORALDO NEVAREZ-ENRIQUEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Variance, Reasonable Sentence and Sentencing Memorandum, filed February 9, 2009 (Doc. 26)("Motion"). The Court held sentencing hearings on February 9, 2009, and on March 5, 2009.  The primary issue is whether the Court should vary from the advisory guidelines sentencing range for Defendant Oraldo Nevarez-Enriquez.  Because the Court concludes that a sentence within the guidelines range appropriately balances the 18 U.S.C. § 3553(a) factors, the Court will deny the motion.

**FACTUAL BACKGROUND**

Nevarez-Enriquez submits that he was raised to lead a law-abiding life and to work hard to prosper.  He is thirty-three years old and first entered the United States in 1989.  While in the United States, he has worked and supported his family.

During his first few years in the United States, Nevarez-Enriquez was a law-abiding and hard-working member of his community.  He admits, however, to becoming involved in drugs and crime.  Nevarez-Enriquez represents that, before committing the offense of armed robbery in 2000, he had never been involved in criminal activity.  See Motion at 1.  While the Presentence Investigation Report ("PSR") indicates that Nevarez-Enriquez is suspected of being involved in

other robberies, "he adamantly denies that accusation and cites to the fact that he was never charged, as there were issues with the identification of the robbers in those other cases." Motion at 2.

According to the PSR, Nevarez-Enriquez' criminal history consists of one felony conviction in 2001 for armed robbery, committed when he was twenty-six years of age. Along with several others, Nevarez-Enriquez robbed a restaurant in Arizona at gunpoint. See PSR ¶ 20, at 5-6. Nevarez-Enriquez states that he deeply regrets his involvement in criminal activity and that he fully accepts responsibility for his actions. See Motion at 2.

According to Nevarez-Enriquez, his involvement with crime cost him his relationship with his mother and his siblings. He says that he returned to the United States in 2008 to seek his mother's forgiveness for his misdeeds. See id. On June 12, 2008, he was arrested for illegally reentering the United States. He has not been able to see his mother. See id.

## PROCEDURAL BACKGROUND

On August 13, 2008, Nevarez-Enriquez pled guilty, without a plea agreement, to an information charging him with violating 8 U.S.C. § 1326(a) and (b), illegal reentry. After his guilty plea, a United States Probation Officer ("USPO") prepared a PSR, which calculates Nevarez-Enriquez' offense level as 21 and his criminal history category as II. See PSR, Part D, at 10. Nevarez-Enriquez moved for a 1-level reduction in offense level under the United States' Fast-Track Program. Although the Court denied the motion because Nevarez-Enriequez was not the proper movant, the Court has granted the United States' motion for a downward departure. A criminal history category of II and an offense level of 20 result in an advisory guideline imprisonment range of 37 to 46 months.

Nevarez-Enriquez moves the Court, pursuant to United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a), for a variance from this advisory guideline sentence. Nevarez-

Enriquez asks the Court to impose a "substantially reduced sentence," but does not request any particular sentence. Motion at 5. The United States opposes the request and asks that the Court impose a sentence within the guidelines range. <u>See</u> United States' Response to Defendant's Sentencing Memorandum at 3-4, filed February 18, 2009 (Doc. 28).

**<u>LAW REGARDING SENTENCING</u>**

Since the Supreme Court of the United States decided <u>United States v. Booker</u>, a sentencing court's task is to impose a sentence that implements the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

-3-

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of § 3553(a). 18 U.S.C. § 3553(a).

## ANALYSIS

The Court must impose a sentence that accurately reflects each of the factors set forth in 18 U.S.C. § 3553(a). In reaching an appropriate sentence, the Court cannot -- unlike an appellate court -- consider a sentence falling within the guidelines range as a presumptively reasonable sentence. See Gall v. United States, 128 S.Ct. 586, 597 (2007). Nonetheless, the Court concludes that the proper sentence in this case is a sentence lying within the guidelines range. Accordingly, the Court will deny Nevarez-Enriquez' motion for a variance and will sentence him to 37 months

incarceration.

I.      **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE DO NOT COUNSEL FOR A VARIANCE.**

Section 3553(a)(1) directs a court to consider the "nature and circumstances of the offense." Nothing about the nature and circumstances of the offense counsel for a variance here.  Nevarez-Enriquez argues that his offense did not involve violence.  Illegal reentry is rarely a violent crime. Congress has nonetheless demonstrated that it views illegal reentry as a serious crime by imposing a penalty of up to twenty years in prison for those convicted of violating 8 U.S.C. § 1326(b)(2). Nevarez-Enriquez also argues that he has already paid society back for his past criminal activity. Prior criminal behavior, however, is a valid consideration in sentencing.  Committing a crime in the past and then committing another crime is probative of the potential for recidivism.  Without more, that Nevarez-Enriquez has already served his sentence for armed robbery does not counsel in favor of a variance.   The nature and circumstances of Nevarez-Enriquez' offense is ultimately substantially similar to those of other defendants who illegally reentered the United States.

II.     **NEVAREZ-ENRIQUEZ' HISTORY AND CHARACTERISTICS DO NOT COUNSEL FOR A VARIANCE.**

Nevarez-Enriquez contends that to now severely punish him based on an offense for which he has already paid his debt to society is contrary to the goals of our criminal justice system.  His personal history, however, is unremarkable and does not, for sentencing purposes, meaningfully distinguish him from many other defendants that appear before the Court in similar cases.  Most defendants in illegal reentry cases have some criminal history, but are generally hard-working people whose reasons for reentering the United States are for work or for family reasons.  Nevarez-Enriquez' story is little different.  It is relatively rarer, however, for defendants in reentry cases to have past convictions for dangerous felonies such as armed robbery.  To the extent that Nevarez-

Enriquez' history separates him from other defendants, it tends to do so in a negative way.

**III.   THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE SUPPORT A GUIDELINES SENTENCE.**

Nevarez-Enriquez contends that his separation from his family and his inability to provide financial support to them is punishment enough.  All defendants who are sent to prison are separated from their families.  There is nothing exceptional about this case that would take Nevarez-Enriquez' separation from his family outside the mine-run of cases.  Moreover, unlike many defendants in illegal reentry cases, Nevarez-Enriequez has illegally returned to the United States after having committed a violent crime.  The need for the sentence imposed to promote respect for the law and to provide just punishment counsels that the Court not vary below the advisory guideline sentence as Nevarez-Enriquez urges.

**IV.   A GUIDELINE SENTENCE IS NEEDED TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT.**

Nevarez-Enriquez argues that, for him, any prison time would be adequate deterrence and thus the Court need not impose a long sentence to achieve the same degree of deterrence.  See Motion at 4 (citing United States v. Perez-Nunez, 368 F.Supp.2d 1265, 1269 (D.N.M. 2005)(Brack, J.)(noting, when granting the defendant a lower non-guideline sentence, that "a 57 month sentence is not likely to deter Perez-Nunez from re-entering the country any more than a lesser sentence of 24 months would")).  The Court believes, however, that a longer sentence in this case will help further adequate deterrence.  Whether a particular sentence will deter a particular individual requires an individualized assessment.  Unlike in United States v. Perez-Nunez, where the court observed that the defendant had a young daughter in Mexico, making it more likely that the defendant would stay in Mexico, here the Court does not see any significant factors indicating that minimal

punishment will suffice for deterrence.  Indeed, the PSR reports that most of Nevarez-Enriquez'

family lives in the United States.  See PSR ¶ 26, at 7-8.  General deterrence also weighs against

varying downward.  A guideline sentence will help afford adequate deterrence to others with

convictions for violent crimes considering reentering the United States.

## V.     THE NEED TO PROTECT THE PUBLIC FROM FURTHER CRIMES BY NEVAREZ-ENRIQUEZ COUNSELS FOR A GUIDELINE SENTENCE.

Nevarez-Enriquez maintains that, given his reasons for reentering the United States -- to

reconcile with his mother -- prolonged incarceration will not protect the public.  Given Nevarez-

Enriequez' past conviction for armed robbery, however, the Court believes that this factor does not

counsel for a variance.  This conviction is almost a decade old, but the Court believes that the

seriousness of that offense indicates that not varying from the guidelines range would better serve

the need to protect the public than a variance would.

## VI.    THE NEED TO PROVIDE NEVAREZ-ENRIQUEZ WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT IN THE MOST EFFECTIVE MANNER DOES NOT SUPPORT A VARIANCE.

Foreign national inmates have limited or no access to various Bureau of Prisons programs.

Nevarez-Enriquez apparently argues that this fact supports a reduced sentence.  By definition, all

defendants in reentry cases fall into this category.  Nevarez-Enriquez remains in the heartland of

illegal reentry cases.

## VII.   THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES BETWEEN DEFENDANTS WHO HAVE COMMITTED SIMILAR CRIMES COUNSELS FOR A GUIDELINE SENTENCE.

Many defendants charged with illegal reentry into the United States after deportation make

arguments similar to the ones that Nevarez-Enriquez makes.  If the Court were to vary in all their

cases, it would be introducing significant unwarranted disparities into federal sentencing.  The Court

has generally imposed guidelines sentence in cases similar to Nevarez-Enriquez, and the Court ultimately sees nothing here to justify treating Nevarez-Enriquez differently.

## VIII. A SENTENCE OF 37 MONTHS IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a).

After considering all the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a sentence of 37 months, which is a sentence within the guidelines range of 37 to 46 months, is appropriate. The Court will therefore deny Nevarez-Enriquez' motion. The Court will sentence him to 37 months incarceration.

**IT IS ORDERED** that the Defendant's Motion for Variance, Reasonable Sentence and Sentencing Memorandum is denied. The Court will sentence Defendant Oraldo Nevarez-Enriquez to 37 months incarceration.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
Mary Catherine McCulloch
  Assistant United States Attorneys
Albuquerque, New Mexico

    Attorneys for the Plaintiff

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    Attorneys for the Defendant